COPY

Elliott H. Stone, Esq. (SBN 264569)
**CALIFORNIA CONSUMER LAW CENTER
AT THE STONE LAW FIRM PC**
4570 Campus Drive ▪ Suite 100
Newport Beach ▪ California 92660
Tel: (949) 477-9100 ▪ Fax: (949) 477-9111

Thomas F. Nowland, Esq. (SBN 236824)
**LAW OFFICES THOMAS F. NOWLAND**
4600 Campus Drive ▪ Ste 103
Newport Beach ▪ CA ▪ 92660
Tel: (949) 221-0005 ▪ Fax: (949) 221-0003

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| ELLIOTT STONE, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation; and EQUIFAX, INC., a foreign corporation,<br><br>　　　　Defendants. | Case No.:　SACV13-01916 JVS (RNBx)<br><br>**VERIFIED COMPLAINT**<br><br>[Fair Credit Reporting Act]<br><br>Jury Trial Requested |

Plaintiff alleges as follows:

## BACKGROUND ON THE
## FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et. seq.

1.　In the preamble of the Fair Credit Reporting Act, found at 15 U.S.C. § 1681, Congress made certain findings regarding the crucial necessity of accurate consumer credit reporting. These findings included: (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. (2) An elaborate mechanism has been developed

- 1 -

COMPLAINT

1. for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.  (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.  (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.  In addition, Congress found that it is the purpose of [the Fair Credit Reporting Act] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter. 15 U.S.C. § 1681.

2. This case seeks redress for the unlawful conduct of Defendants in willfully and/or negligently maintaining inaccurate information on Plaintiff's consumer credit file.

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, because the claims asserted herein arise under 15 U.S.C. §1681p.

4. This Court has jurisdiction over the supplemental state law claims asserted herein under 28 U.S.C. § 1367, because Plaintiffs' supplemental claims arise out of the same subject matter and form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the Central District of the State of California under 28 U.S.C. §1391(a) because acts and transactions giving rise to the violation of law complained of herein occurred in this District.

## THE PARTIES

6. Plaintiff ELLIOTT STONE (hereinafter "Plaintiff") is a consumer as defined by the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681a(c).

3. Defendant EQUIFAX, INC., (hereinafter "Equifax") is a *consumer reporting agency* as defined by FCRA, 15 U.S.C. §1681a(f).

7. Defendant SOUTHERN CALIFORNIA EDISON, INC., (hereinafter "SCE") is a *furnisher* of information to consumer reporting agencies pursuant to FCRA, 15 U.S.C. §1681s-2.

## GENERAL ALLEGATIONS

8. Within the applicable statute of limitations period, Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff that included inaccurate information. Plaintiff notified Equifax that he disputed the accuracy of the information but Equifax continued to report inaccurate information.

9. Within the applicable statute of limitations period, Defendant SCE furnished inaccurate information concerning Plaintiff to Defendant Equifax even though it knew, or had reasonable cause to know, that the information concerning Plaintiff it was furnishing to Equifax was inaccurate. Plaintiff notified SCE that he disputed the accuracy of the information but SCE continued to furnish inaccurate information.

### I.

### FIRST CLAIM FOR RELIEF

[Against Equifax]

Negligent Noncompliance With FCRA

10. Plaintiff realleges and incorporates by reference as though fully set forth herein all previous allegations contained in this Complaint.

11. Equifax negligently failed to comply with the requirements of FCRA.

12. As a result of Equifax's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

13. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## II.

## SECOND CLAIM FOR RELIEF

[Against Equifax]

Willful Noncompliance With FCRA

14. Plaintiff realleges and incorporates by reference as though fully set forth herein all previous allegations contained in this Complaint.

15. Equifax willfully failed to comply with the requirements of FCRA.

16. As a result of Equifax's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

17. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## III.

## THIRD CLAIM FOR RELIEF

[Against Southern California Edison]

Negligent Noncompliance With FCRA

18. Plaintiff realleges and incorporates by reference as though fully set forth herein all previous allegations contained in this Complaint.

19. SCE negligently failed to comply with the requirements of FCRA.

20. As a result of SCE's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

21. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## IV.

## FOURTH CLAIM FOR RELIEF

[Against Southern California Edison]

<u>Willful Noncompliance with FCRA</u>

22. Plaintiff realleges and incorporates by reference as though fully set forth herein all previous allegations contained in this Complaint.

23. SCE willfully failed to comply with the requirements of FCRA.

24. As a result of SCE's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

25. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

<u>On the First Claim for Relief:</u>

    1. Actual damages to be determined by the jury; and

    2. Attorney fees.

<u>On the Second Claim for Relief:</u>

    1. Actual damages to be determined by the jury;

    2. Punitive damages to be determined by the jury; and

    3. Attorney fees.

<u>On the Third Claim for Relief:</u>

    1. Actual damages to be determined by the jury; and

    2. Attorney fees.

On the Fourth Claim for Relief:

    1. Actual damages to be determined by the jury;

    2. Punitive damages to be determined by the jury; and

    3. Attorney fees.

On All Claims for Relief:

    1. Attorney's fees and costs as permitted by law; and

    2. For any other and further relief the court may deem just and proper

Dated:  December 9, 2013

**STONE LAW FIRM PC**
**LAW OFFICE THOMAS F. NOWLAND**

By: _____
Elliott H. Stone, Esq.
Thomas F. Nowland, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all claims.

Dated:  December 9, 2013

**STONE LAW FIRM PC**
**LAW OFFICE THOMAS F. NOWLAND**

By: _____
Elliott H. Stone, Esq.
Thomas F. Nowland, Esq.
Attorneys for Plaintiff

## VERIFICATION

I, ELLIOTT STONE, am the Plaintiff in this action. I have read the foregoing Complaint and I believe the contents to be true to the best of my knowledge except as to those matters which are stated on information and belief and as to those matters I believe to be true to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th Day of December, 2013, at Newport Beach California.

By: _____
Elliott H. Stone, Esq.